IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER RE: ORDER SETTING CONDITIONS OF RELEASE |
| Plaintiff, | |
| KONSTANIN MIKHAYLOVICH TOMILIN, | Case No. 2:19-CR-00394-TS-3 |
| | Judge Ted Stewart |
| | Magistrate Judge Cecilia M. Romero |
| Defendant. | |

This Court held a detention hearing over a period of two days on October 29, 2019, continuing to October 30, 2019 (ECF 15, 27). At the hearing, the United States argued for Mr. Tomilin's detention under 18 U.S.C. §3142 (f)(2)(a), namely, that Mr. Tomilin poses a serious risk of flight.

**DISCUSSION**

The government must prove risk of flight by a preponderance of the evidence. *United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003). In making its determination at the detention hearing, the Court takes into account the following factors: the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the history and characteristics of the defendant including his character, physical and mental

condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court appearances, whether the defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence- and the nature and seriousness of danger posed by the person's release. *See* 18 U.S.C. §3142(g).

### a. Nature and Circumstances of the Charged Offense

The Bail Reform Act requires this Court to consider "the nature and circumstances of the offense, including whether the offense is a crime of violence, a violation of 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. §3142(g)(1). The charges in this case include conspiracy to commit wire fraud, promotional money laundering, and violations of money laundering spending provisions. These charges do not carry a presumption of detention.

### b. Weight of Evidence Against Defendant

Neither the Government nor Defense Counsel meaningfully discussed the weight of the evidence against Mr. Tomilin in their argument. Therefore, this Court did not find that the Government met its burden as to this factor.

### c. History, Characteristics, and Financial Resources

The Government argued that because Mr. Tomilin has access to significant financial resources, ties to a foreign country, and dual citizenship with the Republic of Russia, he poses a serious flight risk.

First, the United States argued that Mr. Tomilin spends a majority of his time outside of the United States and is in possession of various passports from both the United States and Russia. On the record, Defense Counsel clarified that Mr. Tomilin was in possession of one

United States passport, one Russian internal travel passport, and two Russian passports for international travel. All passports were issued to Mr. Tomilin himself, in his name. With respect to the two Russian passports for international travel, the Court viewed them, and Defense Counsel confirmed one was out of pages for visa stamps which was why a second was sought. The Government did not present any counter evidence. No nefarious motive for Mr. Tomilin's possession of multiple passports was established. Further, Mr. Tomlin has agreed to surrender all his passports, as well as the passports of his wife and two minor children to the Clerk of Court.

The Government also proffered that a recent legitimate business transaction left Mr. Tomilin with significant liquid assets in the amount of $2,000.000.00. On the second day of the hearing, Defense Counsel clarified that the proceeds of this transaction are being paid in monthly installments of $25,000.00 through the end of 2020 and are Mr. Tomilin's only source of income. While the Court recognizes Mr. Tomilin's significant resources, the totality of the funds is not readily available to Mr. Tomilin to aid in any illegal flight.

Also of concern to the Government was Mr. Tomilin's lack of ties to Utah. The Government argued that Mr. Tomilin has no permanent residence in the state, has homes and property in Egypt, Russia, Pennsylvania, and had been looking for rental property in Miami, Florida. At the hearing, Defense Counsel clarified that Mr. Tomilin did own a one-half interest in a home in Utah, as well as a home in Pennsylvania secured by a mortgage. The Pretrial Services Report indicated Defendant has been in the United States for the past fifteen years, and lives in Utah. Defendant's wife, three-year old and newborn child also reside in Utah. There was no substantiation of the home in Egypt, or of Mr. Tomilin's intent to rent property in Miami.

While Mr. Tomilin will not have access to his Utah home pending trial[1], a family friend appeared in court and agreed to allow Mr. Tomilin and his family to reside with him in Sandy, Utah.  The home was verified by Pretrial Services.

This Court does note that Mr. Tomilin's dual-citizenship and the absence of an extradition treaty between the U.S. and Russia is troubling.  However, Defense Counsel proffered that Mr. Tomlin has no active businesses in Russia, and that his wife is currently in the process of becoming a United States Citizen and is unable to leave the United States pending her naturalization.  The Pretrial Services Report indicated Defendant has no history of mental health treatment or substance abuse.  These additional facts regarding Mr. Tomilin's family and connection to Utah weigh in favor of release.

  **d. Nature and Seriousness of Danger Posed by Release**

The United States did not contend that Mr. Tomilin would pose a danger if released and submitted no evidence on this prong. Further, the Pretrial Services Report revealed no criminal history. Therefore, this factor weighed in favor of Mr. Tomilin's release.

## CONCLUSION

The United States failed to show by a preponderance of the evidence that the Court cannot reasonably assure the appearance of Mr. Tomilin in further criminal proceedings by imposing a combination of conditions.  In addition to the standard conditions of release, Mr. Tomilin will be confined to home detention and is ordered to refrain from any direct or indirect contact with anyone on the list of witnesses the Government will provide.  Defendant is ordered to wear a GPS location monitoring device and comply with all reporting requirements with his pretrial officer.  Mr. Tomilin will surrender all passports as well as the passports of his wife and

---

[1] The other resident of the Utah property is an individual the Government indicates may be a witness in this matter.

two children.  To further incentivize Mr. Tomilin to appear, after requesting a recommendation from the Government, this Court will also impose the unusual requirement of a surety bond of $100,000.00.

DATED this 4 November 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah