IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KONSTANTIN MIKHAYLOVICH TOMILIN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT**<br><br>Case No. 2:19-cr-00394-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

On July 27, 2021, Defendant Konstantin Mikhaylovich Tomilin filed a Motion to Dismiss the Superseding Indictment.[1] For the reasons discussed below, the Motion is DENIED.

## BACKGROUND

This criminal case arises out of an alleged bribery and money laundering scheme to improperly obtain contracts for FedEx Ground delivery routes. On October 24, 2019, Tomilin and five Co-Defendants were indicted on sixteen counts of wire fraud conspiracy and money laundering.[2] A superseding indictment, which added seven additional counts for money laundering against Tomilin, was filed on October 22, 2020.[3] The Superseding Indictment alleges, *inter alia*, that Tomilin, as an investor in Salt Lake Trucking Group (SLTG), participated in the bribery and money laundering scheme.[4]

---

[1] Dkt. 287 (Motion to Dismiss Indictment).

[2] *See* Dkt. 1 (Indictment).

[3] Dkt. 201 (Superseding Indictment).

[4] *Id.* ¶ 1–29.

1

On April 27, 2021, Tomilin filed a Motion to obtain grand jury transcripts, which the United States opposed.[5] The court denied that Motion on May 18, 2021.[6] On July 27, 2021, Tomilin filed a Motion to Dismiss the Superseding Indictment.[7] Tomilin argues the court should dismiss the indictment pursuant to Federal Rules of Criminal Procedure 7(c)(1) and 12(b)(3) for "fail[ing] to set forth 'essential facts constituting the offense charged.'"[8] The Motion is now fully briefed and ripe for review.[9]

## ANALYSIS

### I. Legal Standards

Rule 12(b) of the Federal Rules of Criminal Procedure provides "[a]ny defense, objection, or request that the court can determine without a trial on the merits" can be raised before trial, including a motion alleging a defect in the indictment.[10] The Tenth Circuit has explained that, "[g]enerally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."[11] An indictment, therefore, "need not go further and allege in detail the factual proof that will be relied upon to support the charges."[12] Only in a "rare exception" to this rule may a district court consider facts beyond the allegations:

---

[5] Motion to Obtain Grand Jury Transcripts (Dkt. 266); Response (Dkt. 269).

[6] Docket Text Order (Dkt. 277).

[7] Motion to Dismiss Indictment (Dkt. 287).

[8] *Id.* at 1 (citing Fed. R. Crim. P. 7(c)(1)).

[9] *See* Memorandum in Opposition (Dkt. 300); Reply (Dkt. 330).

[10] Fed. R. Crim. P. 12(b)(1), (3).

[11] *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citations omitted).

[12] *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (citations omitted).

"where the operative facts are undisputed," enabling the court to determine "as a matter of law" whether the government can prove its case.[13]  Outside of that narrow exception, courts should "avoid considering evidence outside the indictment when testing [its] legal sufficiency."[14]

Here, the operative facts are clearly disputed.  To take just one example, the Superseding Indictment alleges that 369 phone calls and text messages made between Tomilin and others were communications in furtherance of the criminal scheme.[15]  Tomilin argues in his Motion these communications were "regular phone calls and text messages between co-owners of a large, complex trucking company."[16]  While it is undisputed that the 369 phone calls and text messages exist, it is disputed what those calls and messages consisted of.  Because these and other facts are disputed, this case does not fall into the narrow exception that would allow the court to consider evidence outside of the Indictment in considering its sufficiency.  Therefore, at this stage of the proceedings, the allegations in the Indictment are taken to be true for the purpose of evaluating its legal sufficiency.[17]

Where, as here, facts are in dispute, an indictment is constitutionally sufficient if it: "(1) contains the essential elements of the offense to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal

---

[13] *Hall*, 20 F.3d at 1078–88 (discussing *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991)).

[14] *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *see also United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.") (emphasis in original).

[15] Superseding Indictment (Dkt. 201) ¶ 46.

[16] Motion to Dismiss (Dkt. 287) at 10–11.

[17] *See Hall*, 20 F.3d at 1087.

or conviction under the indictment as a bar to any subsequent prosecution for the same offense."[18]

## II. The Indictment is Legally Sufficient

Tomilin does not dispute the first and third elements of the test for an indictment's sufficiency. That is, Tomilin does not argue that the Superseding Indictment does not contain the essential elements of the charged offenses, nor does he argue acquittal or conviction under the Superseding Indictment would not prevent double jeopardy. While not labeled as such, his Motion to Dismiss only reasonably disputes the second element, arguing the Indictment lacks sufficient underlying factual support to apprise him of what he must defend against.[19] Because the Indictment contains the essential elements of the charged crimes, it sufficiently apprises Tomilin of what he must be prepared to defend against, and enables Tomilin to avoid double jeopardy, the Indictment is legally sufficient.

### a. The Indictment Contains the Essential Elements of the Charged Offenses

An indictment contains the essential elements of the charged offenses when it tracks statutory language stating the elements of the offenses.[20] The Superseding Indictment closely tracks statutory language stating the elements for all charged offenses. For example, Count 1 alleges that the Defendants, including Tomilin, "did knowingly and willfully combine, conspire, confederate, and agree with each other, to devise and intend to devise a scheme and artifice to defraud and to obtain money or property, by means of material false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the

---

[18] *Id.*

[19] *See generally* Motion to Dismiss Indictment (Dkt. 287).

[20] *Dunn*, 841 F.2d at 1029.

purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. §§ 1343 and 1349."[21]  This language closely tracks the elements of wire fraud conspiracy as enumerated in the federal statute.[22]  The same is true for the remaining twenty-two counts,[23] a fact Tomilin does not dispute.[24]

Because each offense is adequately pled, Tomilin's argument[25] that the United States does not adequately plead a predicate offense for money laundering fails—the predicate offense of wire fraud is pled sufficiently, as are the money laundering charges themselves.[26]  Alleging the elements of the charged crimes, as the Superseding Indictment does, is sufficient. Therefore, the first element for sufficiency of the indictment is met.

    b. **The Indictment Sufficiently Apprises Tomilin of What He Must Be Prepared to Defend Against**

Sufficiency of an indictment is "determined by practical rather than technical considerations."[27]  Where an indictment includes the dates, places, and nature of the alleged criminal activity, it need not go further and allege in detail the facts that will be used to support the charges.[28]

In his Motion, Tomilin argues the Superseding Indictment is not sufficient because it "fails to allege *any* specific facts constituting an offense committed by Mr. Tomilin and, in its impermissible vagueness, makes it impossible for Mr. Tomilin to understand what criminal acts

---

[21] Superseding Indictment (Dkt. 201) ¶ 31.

[22] *See* 18 U.S.C. §§ 1343, 1349.

[23] *Compare* Superseding Indictment (Dkt. 201) ¶ 80, 82, 93 *with* 18 U.S.C. §§ 1956(a)(1)(A)(i); 2(a); 2(b); 1957; 2.

[24] *See* Motion to Dismiss (Dkt. 287) at 8–15; Reply (Dkt. 330) at 1–4.

[25] Motion to Dismiss (Dkt. 287) at 12–13.

[26] *See* Superseding Indictment (Dkt. 201) ¶ 31 (Wire Fraud); ¶ 80, 82, 93 (Money Laundering).

[27] *Dunn*, 841 F.3d at 1029.

[28] *Id.*

he is alleged to have committed."[29]  Tomilin emphasizes the lack of "factual support" for the "original" charged offenses (Counts 1–16), calling the Indictment "conclusory."[30]  He further argues that because the Indictment "include[s] *no factual allegations whatsoever* pertaining to [his] knowledge," it therefore does not allege "facts sufficient" to establish "an indispensable **element** of a money laundering charge," Counts 17–23.[31]  The United States contends the Superseding Indictment is sufficient because each charged offense details the dates, places, and nature of the alleged illegal activity.[32]

As an initial matter, Tomilin's argument that the Superseding Indictment lacks factual support fails on its own terms.  Tomilin argues that "[t]he sum total of the Government's factual allegations against Mr. Tomilin only appear in three vague, conclusory, and mysterious statements," namely, that Tomilin became a participant in ongoing bribes beginning no later than 2014, that Tomilin used phone calls and text messages to discuss the bribes, and that Tomilin caused emails to be sent to him in Russia and communicated by email about documents related to the scheme with employees of SLTG in Utah.[33]  This argument ignores additional factual allegations specifically regarding Tomilin: that he invested $800,000 in 2012 in exchange for a one-third ownership interest and that he received $800,000 of the initial investment made by Teyf.[34]  Tomilin's argument also ignores the dozens of detailed factual allegations in the complaint made against the co-conspirators *as a group*, which includes Tomilin, such as the alleged inner workings of the bribery scheme and the numerous transactions sent in interstate

---

[29] Dkt. 287 (Motion to Dismiss) at 2 (emphasis in original).

[30] *See* Motion to Dismiss (Dkt. 287) at 8–15.

[31] *Id.* at 13–14 (emphases in original).

[32] Opposition (Dkt. 301) at 6–11.

[33] *Id.* at 4 (citing Superseding Indictment (Dkt. 201) ¶ 46, 47)).

[34] Superseding Indictment (Dkt. 201) ¶ 16, 17.

commerce using proceeds from the alleged unlawful activity.[35] These detailed allegations provide Tomilin with ample factual detail to understand how the United States plans to support the charges in the Superseding Indictment, and allows him to prepare a defense.

But more importantly, Tomilin misunderstands the controlling law. As discussed, the Superseding Indictment need only allege the dates, locations, and nature of the alleged criminal activity to be sufficient.[36] Moreover, "the sufficiency of the government's evidence to support a charge may not be challenged by a pre-trial motion."[37] Tomilin relies solely on a non-binding case for the proposition that the indictment must contain specific facts underlying the elements of the alleged crimes in order to adequately apprise him.[38] However, that case only states an indictment must make the elements of each charged crime clear *in order to* "avoid [a defendant's] *conviction* on facts not found."[39] The case does not support the proposition that an indictment must contain those underlying facts to avoid *pre-trial* dismissal.[40] Indeed, the fact that Tomilin's Motion highlights so many contested facts underscores why his Motion cannot succeed: a pre-trial motion to dismiss an indictment is not appropriate where key facts are in dispute.[41]

Similarly, Tomilin's argument[42] that the Indictment does not adequately plead his knowledge, necessary to prove a money laundering charge at trial, also fails. Tomilin argues that

---

[35] *Id.* ¶ 30–82.

[36] *Dunn*, 841 F.3d at 1229.

[37] *Hall*, 20 F.3d at 1087.

[38] *See* Dkt. 287 (Motion) at 9 (citing *United States v. Daniels*, 159 F. Supp. 2d 1985, 1290 (D. Kan. 2001)).

[39] *Daniels*, 159 F. Supp. 2d. at 1290 (emphasis added).

[40] *See id.*

[41] *Hall*, 20 F.3d at 1087.

[42] Motion to Dismiss (Dkt. 287) at 13–15.

7

because Counts 17-23 "include no factual allegations whatsoever pertaining to [his] knowledge" about the transferred funds, the allegations do not adequately support the knowledge element of money laundering and thus are not sufficient.[43] However, in addition to alleging Tomilin "knowingly" conducted the fraud, which would be sufficient as this stage as the allegations are taken as true, Counts 17–23 incorporate the factual allegations from the first eighty-two paragraphs of the Indictment, which further explain the alleged facts pertaining to Tomilin's knowledge of the alleged scheme.[44]

Because each charged offense indicates the date, place, and nature of the alleged criminal activity, the Indictment meets the second element for sufficiency.[45]

### c. The Indictment Enables Tomilin to Avoid Double Jeopardy

As to the final element for sufficiency of an indictment in the Tenth Circuit, the indictment enables Tomilin to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution. Because the Indictment, as discussed, clearly states the charged offenses, it would allow Tomilin to avoid double jeopardy in the event of any subsequent prosecution.[46]

---

[43] *Id.* at 13–14.

[44] Superseding Indictment (Dkt. 201) ¶ 83.

[45] Tomilin's Reply brief reiterates his arguments about the Superseding Indictment's lack of factual support. *See* Reply (Dkt. 330) at 1–4. His only response to the United States' citations to binding authority as to the test for an indictment's sufficiency is to also cite *Hamling v. United States*, 418 U.S. 87, 117 (1974), which states, in part: "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Tomilin then contends the indictment does not contain a sufficient "statement of the facts and circumstances." This argument does not address the legal standard used in the Tenth Circuit to determine if an indictment contains "such a statement of facts and circumstances," as discussed *supra*—the Indictment need only indicate the date, place, and nature of alleged criminal activity. Detailed factual support and supporting evidence are not required.

[46] *See* Superseding Indictment (Dkt. 201) ¶ 31, 80, 82, 93.

In summary, because Tomilin fails to argue any of the elements that would be necessary to show the Indictment is insufficient, his Motion must be denied.

## CONCLUSION

For the reasons stated above, Tomilin's Motion to Dismiss the Superseding Indictment is DENIED.[47]

So ORDERED this 5th day of October, 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[47] Dkt. 287 (Motion to Dismiss Indictment).